(Ashtabula County Common Pleas.)
December 1895.

### DRISCOLL v. KELLY.

*Attachment of earnings before J. P.—*
"The nature of plaintiff's claim to be stated in the affidavit for an attachment, as used in the statute, mean an account, or a note or judgment, or a check, or a like description of the nature of the claim. It is not sufficient to allege that it is for goods sold and delivered.

The bond must be fixed in double the amount of the claim stated in bill of particulars, but it is not required that the justice must ascertain the exact amount of principal and interest that is due before he issues the attachment, and if an exact figuring would show that the undertaking lacked a trifle of being double the amount of the claim, the attachment need not be discharged therefor, but there must be a substantial compliance with this statute in fixing the amount of the undertaking in double the amount of the claim.

Where it is sought to attach the excess of personal earnings of the debtor within three months before commencement of the suit, the affidavit should state that such earnings amount to more than $150, and that such excess is not exempt.

Where the defendant shows by counter-affidavits that he was at the time the attachment was issued, and still is a resident of this state, and the head of a family, dependent upon him for support, and that his entire earnings, for said period of three months, including the amount held upon the attachment, were necessary for the support of his family, and demanded that they be set off to him as exempt, which evidence is not controverted by plaintiff, then the property attached was exempt, and the attachment should be discharged.

Where the attachment was issued upon the ground that the defendant fraudulently contracted the debt, and the defendant by counter-affidavit denies this, the burden is thereby thrown upon the plaintiff to sustain his charge that the debt was fraudulently contracted, and if the plaintiff fails to sustain that burden, and thereby to sustain the attachment, the attachment must be discharged.

---

HOWLAND, J.:

This is a petition in error, under sec. 6524, of the Revised Statutes, in which it is charged that the magistrate before whom it was tried, erred in overruling a motion to discharge an attachment. The affidavits of the plaintiff, and his wife, and the motion are each made a part of the record, and the motion is based upon eleven separate grounds therein stated, which raise all the questions herein decided.

The questions to be determined arise on the overruling of said motion, and depend upon the construction of sec. 6489, as amended April 13, 1891, 88 O. L., 277, and par. 6, of sec. 5430, of the exemption laws of the state.

It is conceded that the property sought to be reached by this attachment, is a part of the wages of the debtor, earned within three months before the attachment was issued. The existence of the facts required by sec. 6489, to obtain and maintain an attachment, must be shown clearly, and the statute authorizing it must be followed strictly.

The amended sec. 6489, reads as follows:

"The plaintiff shall have an order of attachment against any property of the defendant (except as hereinafter provided) in a civil action before a justice of the peace, for the recovery of money, before or after the commencement thereof, when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing the nature of the plaintiff's claim; that it is just, the amount the affiant believes the plaintiff ought to recover, and that the property sought to be attached is not exempt from execution, and if the personal earnings of the defendant are sought to be attached, that the defendant is not the head or support of a family, and has not in good faith, the maintenance and support of a widowed mother wholly dependent upon him for support, or that such earnings are not for services rendered within three months before the commencement of the action; or, that being earned within that time, the same amount to more than $150, and that only the excess over that amount is sought to be attached, and also the existence of some one or more of the following particulars."

It is urged that the affidavit does not show the nature of the plaintiff's claim, as provided in that section. We hold that the words, "The nature of the plaintiff's claim," as used in the statute, mean an account, or a note or judgment, or a check, or a like description of the nature of the claim. It is not sufficient to allege that it is for goods sold and delivered, but we will not disturb the judgment and holding of the justice upon that ground alone.

It is also urged that the undertaking is not in compliance with the provisions of sec. 6490, which, so far as applicable, reads as follows:

"The order of attachment shall not be issued by the justice, until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the justice, an undertaking in not less than double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay the defendant all damages which he may sus-

tain by reason of the attachment, if the order be wrongfully obtained."

The amount of the claim stated in the bill of particulars, is $50.40, with interest for nearly a year. The contention is, that the undertaking should be double the amount of the face of the claim, and interest. We do not hold that the justice must ascertain the exact amount of principal and interest that is due, before he issues the attachment, and that if an exact figuring would show that the undertaking lacked a trifle of being double the amount of the claim, that the attachment must be discharged therefor. We do not think, a fair construction required such technicality in fixing the amount; but we do hold that there must be a substantial compliance with this statute, in fixing the amount of the undertaking, in double the amount of the claim. The undertaking in this case is more than double the amount of the face of the claim, but a little less than double the amount of its face and interest thereon; but we find there has been a sufficient compliance with the statute, and there is no prejudicial error in the holding of the magistrate in that respect.

It is further agreed that this affidavit is insufficient in not stating, as provided by sec. 6489, that the defendant was the head of a family, or had a mother wholly dependent upon him for her support. That section provides that, "The plaintiff shall have an order of attachment against any property of the defendant, in a civil action before a justice of the peace, for the recovery of money, before or after the commencement thereof, when there is filed in his office an affidavit of the plaintiff," as provided in said sec. 6489, as hereinbefore copied. The affidavit should state, where it is sought to reach the excess of personal earnings of the debtor, within three months before commencement of the suit that they amount to more than $150, and that the excess over that amount only is sought to be attached, and such excess is not exempt.

The justice is authorized to issue an attachment when there is such an affidavit filed in his office, in compliance with the provisions of sec. 6489, and that his earnings are over $150, within the last three months, where it is asked to attach only the excess over $150; yet that excess over $150 is subject to the right of the defendant, to demand it as exempt, under par. 6, of sec. 5430, when considered in connection with sec. 5433.

Sec. 5433, reads as follows:

"The provisions contained in this subdivision with respect to exemptions shall apply to all courts in this state, including justices of the peace and mayor's courts, so that a person shall be entitled to all the exemptions in any case or proceeding, or before any court or officer, that he may be entitled to in any

other case or proceeding, or before any other court or officer.''

It is provided therein, that such excess of earnings over $150, shall be exempt, when it is shown that all of said earnings including said $150, and all of the excess which was earned within three months prior to the day of the attachment, are necessary for the support of he debtor and his family and so demanded, that they be set off to him as exempt.

It is claimed there is a conflict between the provisions of par. 6, of sec. 5430, Revised Statutes, and of sec. 6889, as recently amended; that in so far as they are in conflict that the provisions of the paragraph are repealed by implication, for the reason that sec. 6489, as amended, is the last expression of the legislature upon that subject. In disposing of this question, we must determine whether there is such an irreconcilable conflict between their provisions that they mutually annul each other. There can be no repeal by implication if each can be enforced without annulling the other, when the sections are construed together. Under sec. 6489, as amended, the excess of earnings over $150, under an affidavit and proof in compliance with its provisions may be attached and in the absence of a showing, that it, or some part thereof, is necessary for the support of the debtor's family, may be applied upon the indebtedness, but when shown that the whole, or some part thereof is necessary for the support of his family, then upon demand, so much thereof as is necessary for his family support is exempt under par. 6, of sec. 5430, and upon such showing being made, it is error to refuse to discharge the attachment. We hold there was no repeal by implication, and there is no conflict between the provisions of said sections.

The plaintiff in error shows by his affidavit, and that of his wife, that .he was, at the time the attachment was issued, and still is a resident of this state, and the head of a family, consisting of a wife and eight children, all under the age of 16, dependent upon him for support, and that his entire earnings, for said period of three months, including the amount held upon the attachment, were necessary for the support of his family, and demanded that they be set off to him as exempt, which is all the evidence that was introduced upon that subject. We hold that it was thereby shown that the property attached was exempt, upon that showing, and the justice erred in not discharging the attachment upon that ground.

The attachment was issued upon the ground that the defendant fraudulently contracted the debt, and incurred the obligation. The defendant, in his affidavit—which is made a part of the record—testified that he did not fraudulently contract the debt, or incur the obligation; and no other or further evidence was introduced before the magistrate. When the defendant denied in his affidavit, that he fraudulently contracted the debt, or incurred the obligation, the burden was thereby thrown upon the plaintiff, to sustain his charge that the debt was fraudulently contracted. 9 Ohio St., 397, Coston v. Paiges, 36 Ohio St., 54. No other or further evidence was introduced before the magistrate. The plaintiff therefore failed to sustain that burden, and thereby to sustain the attachment, and the justice erred in not discharging the attachment upon that ground.

It is further claimed by the plaintiff in error, that an attachment cannot be levied, upon such excess of earnings, without first showing that there remained in the hands of the garnishee, due and unpaid to the defendant, at the time the attachment issued, the sum of $150, of the personal earnings of the debtor, earned within the last three months, prior to the issuing of the attachment, and the excess over that amount so accumulated, or so remaining in the hands of the garnishee is all that could be attached. We do not concur in that claim of the plaintiff in error, but hold the magistrate erred in not sustaining the motion to discharge the attachment, upon the other grounds herein referred to, and that error is affirmatively shown on the record.

Hoyt & Munsell, for plaintiff in error.

George D. Parker, for defendant in error.